IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00345-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  LINDA GODDING,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion for Reconsideration [Docket No. 59], wherein defendant Linda Godding requests the Court reconsider her prison sentence and sentence her to home confinement.[1]  The government filed a response opposing Ms. Godding's request.  Docket No. 60.

Ms. Godding was sentenced on June 10, 2022 to six months imprisonment and one year supervised release for Introducing or Delivering for Introduction a Misbranded Drug in Interstate Commerce, in violation of 21 U.S.C. §§ 331(A) and 333(A)(2). Docket No. 54 at 1-2; Docket No. 55.  Ms. Godding filed a motion on July 21, 2022 requesting that the Court reconsider the portion of her sentence requiring imprisonment based on health concerns relating to COVID-19.  Docket No. 59 at 3.

---

[1] In light of Ms. Godding's pro se status, the Court construes her filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The Court determines that it has no jurisdiction to modify Ms. Godding's sentence and therefore her motion will be denied. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citing *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994)). Such specific instances are "(1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'" *Blackwell*, 81 F.3d at 947-48 (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2)). Here, the first and third instances are not applicable. Ms. Godding, not the director of the Bureau of Prisons, has filed this motion, and Ms. Godding does not assert that the Sentencing Commission has lowered the applicable sentencing range. *See* Docket No. 59 at 1-3.

The second instance also does not apply. Rule 35 empowers a Court to change a defendant's sentence only on remand from a court of appeals, on motion of the government within one year after the imposition of the sentence, or within seven days after the imposition of the sentence to correct an error. *Blackwell*, 81 F.3d at 948 (citing Fed. R. Crim. P. 35(a), (b), (c)). None of these exceptions apply to Ms. Godding's case.

Ms. Godding does not provide any other statutory basis for the Court's jurisdiction to modify her sentence and the Court does not find an independent statutory basis conferring jurisdiction.

Wherefore, it is

**ORDERED** that Defendant's Motion for Reconsideration [Docket No. 59] is DENIED.

DATED August 17, 2022.

                                    BY THE COURT:

                                    PHILIP A. BRIMMER
                                    Chief United States District Judge